

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

ILL WILSON
ORNEY GENERAL

November 30, 1959

Honorable Robert S. Calvert       Opinion No. WW-752
Comptroller of Public Accounts
Capitol Station                   Re:   Whether the Comptroller
Austin, Texas                           can legally issue warrant
                                        in payment of claim of a
                                        beer distributing company
                                        covering refund of excise
                                        tax on beer sold to mili-
                                        tary installations in
Dear Mr. Calvert:                       Texas.

By letter dated September 3, 1959, you state:

> "I am enclosing for your consideration
> and approval claim of Pearl Beer Distri-
> buting Company, 400 Nueces Street, Austin,
> Texas, for $126.19 covering refund of excise
> tax on beer sold to military installations
> in Texas.

> "This department recommended that appro-
> priation be made to pay this claim by the
> Fifty-sixth Legislature in order not to
> deny the claimant his rights, if in fact
> the claim could legally be paid. It is my
> understanding that your approval and the
> approval of the State Auditor was made to the
> Legislature on the same condition. I am
> therefore submitting the entire file covering
> this claim and ask that you examine same and
> advise me whether or not I can legally issue
> warrant in payment of the claim."

The file above referred to reflects that the Pearl Beer
Distributing Company of Austin, Texas, is seeking refund of
taxes paid on beer sold to Bergstrom Air Force Base.[1] If such a

---

[1] The Pearl Beer Distributing Company holds a beer distributor's
license issued pursuant to the Texas Liquor Control Act. (Article
667-1 et seq., Tex.Pen.Code). It is the exclusive distributing
agent of the Pearl Brewing Company of San Antonio, Texas. The
beer here involved was purchased by Pearl Beer Distributing

refund is to be legally made, the claimant must bring himself within the terms of Article 667-23¼ (d), Tex.Pen. Code, which reads:

"It is not intended that the tax levied in Section 23 of Article 2 of the Texas Liquor Control Act shall be collected on beer shipped out of this State for consumption outside this State or on beer shipped to an installation of the National Military Establishment, wherein the State of Texas has ceded police jurisdiction, for consumption by military personnel within said installation, and the board shall provide forms on which distributors and manufacturors may claim and obtain exemption from the tax on such beer. If any distributor or manufacturor has paid that tax on any beer and thereafter said beer is shipped out of the state for consumption outside this State or is shipped into any installation of the National Military Establishment as referred to above, for consumption by military personnel therein, a claim for refund may be made at the time and in the manner prescribed by the Board or Administrator. So much of any funds derived hereunder as may be necessary, not to exceed two per cent (2%) thereof, is hereby appropriated for such purpose. The Board may promulgate rules and regulations generally for the enforcement of this provision."

In reference to the foregoing section, Attorney General's Opinion No. WW-354 (January 31, 1958) states:

". . .According to the terms of the Texas Liquor Control Act above quoted, the tax on

---

1 (Cont.)

Company from the latter company; the first taxable sale as defined by the Texas Liquor Control Act occurred upon such purchase and the tax was paid at that time. Consequently, there is no question of a first taxable sale or importation being made to or by a military establishment or Federal instrumentality, and Attorney General's Opinion No. WW-598 has no application.

beer is not to be collected, (or if collected, refund) is to be made where the beer involved is: (1) 'shipped to any installation of the National Military Establishment' (2) 'wherein the State of Texas has ceded police jurisdiction', and is (3) 'for consumption of military personnel within said installation'. Sec. 23¼(d), Art. 667, V.P.C. This is an exemption provision and the distributor or manufacturer claiming such exemption must bring himself clearly within the provisions. Attorney General's Opinion O-7174 (1940). Even assuming that requisites (1) and (3) are true, your question concerns installations where police jurisdiction has not been ceded to the Federal Government. Therefore, it is our opinion that a refund or exemption, as the case may be, cannot be allowed in the situation described in your third question because requisite (2) has not been met."

By letter dated October 23, 1959, the Secretary of State advises that a search of the records of his office discloses that there is no instrument on file by which the Governor of Texas has ceded to the United States police jurisdiction over the land in Travis County upon which Bergstrom Air Force Base is situated. Consequently, in line with the authority of the Attorney General's Opinion quoted above, and the clear purport of Article 667-23¼(d), you are advised that the Pearl Beer Distributing Company is not entitled to a refund of the taxes involved. The State is not legally liable for the return of such taxes; therefore, a warrant in payment of the claim may not be issued.

## SUMMARY

The Comptroller of Public Accounts cannot legally issue a warrant in payment of a claim for refund of taxes paid on beer subsequently sold to a military installation over which police jurisdiction has not been ceded by the State of

Texas to the United States Government.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

C. Dean Davis
Marietta Payne
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL

By:  Leonard Passmore